IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SMH US LLC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-23-92-D |
| ) | |
| 1110 LINWOOD BLVD LLC, and ) | |
| BRENT IRISH, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In this replevin action, Plaintiff SMH seeks the return of specialized computer equipment currently possessed by Defendants 1110 Linwood Blvd LLC and Brent Irish. Defendant Irish has filed a Motion to Dismiss [Doc. No. 31] contending that SMH has failed to state a plausible claim for replevin because he acted only as the member or manager of Defendant Linwood and can therefore not be held personally liable under Oklahoma law. Plaintiff SMH has responded in opposition [Doc. No. 44] and Defendant Irish has replied [Doc. No. 47].

## RELEVANT BACKGROUND

Plaintiff alleges it entered into an agreement with non-party Accerton, Inc. providing that Accerton would host cryptocurrency mining computers ("miners") for SMH's benefit. Verified Complaint [Doc. No. 1] ¶ 4. SMH then purchased and shipped over 2,000 miners to a warehouse facility in Oklahoma City. This warehouse is purportedly owned or controlled by Mr. Irish, a member or manager of Linwood LLC, and was leased

1

to Accerton. *Id.* at ¶¶ 2-3. Without SMH's knowledge, some or all of these miners were removed from the warehouse. *Id.* at ¶ 36. Mr. Irish allegedly told Plaintiff's representatives he was in possession of approximately 700 miners and was holding them as collateral in connection with a mechanic's lien filed against the property due to the conduct of Accerton. *Id.* at ¶ 39. Because Defendants are still in possession of the miners, SMH filed a claim for replevin against Mr. Irish and Linwood. Mr. Irish moves for dismissal under Fed. R. Civ. P. 12(b)(6).

## STANDARD OF DECISION

A complaint must contain "a short and plain statement...showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, a complaint needs "more than labels and conclusions," but it "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555 (internal citation omitted). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At the pleading stage, the Court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## DISCUSSION

Mr. Irish's request for dismissal is based on Okla. Stat. tit. 12, § 682. This statute prohibits bringing suit against a member or manager of a limited liability company for the company's liability until a judgment is obtained against the company and returned unsatisfied. *Id.* at §682(B)-(C). The statute does not, however, entirely preclude a plaintiff from suing a member or manager of a limited liability company:

> nothing herein prohibits a suit or claim against [member or manager] for their own conduct, act or contractual obligation, not within the scope of their role as [a member or manager], arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

*Id*. Courts applying § 682 have declined to dismiss claims at the pleading stage where the plaintiff alleges that the member or manager was directly involved in the events giving rise to the claim. *See Tyree v. Cornman,* 453 P.3d 497 (Okla. Civ. App. 2019) (holding that dismissal pursuant to § 682(B) was not appropriate because plaintiffs alleged that the defendant "personally violated" the law and whether that conduct was within the scope of his role as an officer of the corporation "cannot be determined at the pleading stage"); *Sauders v. Mangum Nursing Ctr., LLC*, 377 P.3d 180, 184 (Okla. Civ. App. 2016) (concluding that dismissal was not required because "[t]he allegations of [defendant's] direct participation take the matter outside the application of 12 O.S. Supp. 2013 § 682"); *First Mortg. Co., LLC v. Strategic Mortg. Fin. Grp.*, LLC, No. CIV-21-0047-R, 2021 WL 3276605, at *4 (W.D. Okla. July 30, 2021) ("Because First Mortgage's allegations include factual assertions as to the individuals' conduct, the Court finds [the individual defendants] are not entitled to dismissal based on Okla. Stat. tit. 12 § 682(B).").

Relying on § 682, Mr. Irish argues that Plaintiff has failed to state a claim against him personally because he was acting only as a member or manager of Defendant Linwood.[1] Plaintiff's Complaint alleges that Mr. Irish owns or controls the warehouse where the miners were located, that Mr. Irish took possession of the miners, and that Mr. Irish was holding them as collateral. Assuming the truth of these allegations and drawing all reasonable inferences in Plaintiff's favor, the Complaint minimally sets forth facts that plausibly support a claim of replevin against Mr. Irish for conduct that occurred beyond the scope of his role as a member or manager of Linwood. Dismissal is therefore not warranted at this stage.

Accordingly, Defendant Irish's Motion to Dismiss SMH's Claim for Failure to State a Claim [Doc. No. 31] is DENIED.

**IT IS SO ORDERED** this 10th day of April, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] To support his request for dismissal, Mr. Irish devotes the majority of his brief to setting out additional factual allegations or referencing exhibits that are not included in Plaintiff's Complaint. Of course, "[t]he 'usual rule' is 'that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss.'" *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)). Although there are limited exceptions to this rule, the Court declines to apply them here because Mr. Irish has not raised them and Plaintiff objects to the inclusion of any additional factual statements. Accordingly, the Court resolves the motion to dismiss by looking only to the well pled factual allegations contained in the Complaint.